IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

VERA V. PECHENYUK,　　　　　　　　　)
and VITALIY N. PECHENYUK,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　)　　TC-MD 240428R
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　　　)
State of Oregon,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)　　**DECISION**

Plaintiffs appealed Defendant's Notice of Deficiency Assessment, dated April 26, 2024, for the 2019 tax year. A trial was held on May 14, 2025, in the courtroom of the Oregon Tax Court. There were no appearances on behalf of Plaintiffs. Lisa Erickson (Erickson), auditor, appeared and testified on behalf of Defendant. Defendant's Exhibits A to D were received into evidence.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint with this court on May 28, 2024. Trial was originally scheduled for January 23, 2025. The deadline for trial exhibits was either a postmarked copy by January 9, 2025, or delivered by January 13, 2025. Plaintiffs did not submit exhibits via either method by the deadline. On January 22, 2025, Plaintiffs filed a request to reset the trial due to illness, which was granted. On January 24, 2025, the court issued an Order to Show Cause Whether the Case Should be Dismissed for Plaintiffs' failure to submit trial exhibits by the court's deadline. On February 10, 2025, Plaintiffs filed a letter stating that they assumed the court already had all the necessary documents. On February 28, 2025, a case management hearing was held where Plaintiffs were reminded that the court did not have Plaintiffs'

documents, and the court would only consider documents submitted by the parties as exhibits. The parties agreed to re-schedule trial for May 14, 2025, at 9:00 a.m., in the courtroom of the Oregon Tax Court. The parties also agreed that trial exhibits were to be postmarked by April 30, 2025, or delivered to all parties and the court by May 5, 2025. On February 28, 2025, the court mailed Plaintiffs a notice for the trial date including the exhibit exchange and filing deadlines.

Plaintiffs did not appear for trial on May 14, 2025. However, Defendant indicated that it made adjustments in favor of Plaintiffs, and thus the court proceeded to trial pursuant to Tax Court Rule 58 E which states: "When a party who has filed an appearance fails to appear for trial, the court may, in its discretion, proceed to trial and judgment without further notice to the non-appearing party."[1]

## II. STATEMENT OF FACTS

Defendant audited Plaintiffs' 2019 tax return and, after performing a bank deposit analysis, made adjustments increasing their Schedule C gross receipts by $28,428, increasing other income by $11,762, and reducing their Schedule C deductions by $46.170. Defendant increased Plaintiffs' self-employment tax deduction proportionate to their income and expense changes, eliminating their earned income credit, and imposing a substantial understatement penalty. (Def's Ex B.)

Erickson testified that she reviewed the original auditor's bank deposit analysis and found the Schedule C gross receipts should be reduced by $16,256 and their unidentified deposits, treated as other income, should be increased by $8,395. (Def's Ex D at 1.) This change reduced Plaintiffs' gross income by $7,861.

---

[1] The Preface to the Tax Court Rule-Magistrate Division states, in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, the rules of the Regular Division may be used as a guide to the extent relevant."

Based on this adjustment, Defendant determined there are proportionate reductions to Plaintiffs' self-employment tax deduction and understatement penalty.

### III. ANALYSIS

The adjudication of Oregon income tax cases relies on several core principles of the state's income tax framework. First, Oregon's personal income tax law is intended to be identical in effect to the federal Internal Revenue Code (IRC) for determining an individual's taxable income. ORS 316.007.[2] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish their case by a "preponderance of the evidence." ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of substantiation is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

"Gross income" is defined as "all income from whatever source derived * * *." IRC § 61(a). Defendant may establish the existence of unreported income "by any practical method available in the circumstances of the particular situation." *Flowers v. Dept. of Rev.,* 16 OTR–MD 151, 153 (1999) (citing *U.S. v. Doyle,* 234 F2d 788, 793 (7th Cir 1956)). A reasonable reconstruction of income, such as a bank deposit analysis, while not conclusive as to the amount of income, is accepted as correct unless proven otherwise. *Ottuso v. Comm'r*, TCM (RIA) 2024-091, 2024 WL 4298072 (2024).

Plaintiffs did not appear for trial or submit any exhibits. The only evidence presented was Erickson's testimony that she reexamined the original auditor's bank deposit analysis and concluded that a reduction of gross income was warranted. The court accepts Defendant's evidence.

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2017 version.

## IV. CONCLUSION

After careful review, the court finds that Plaintiffs did not provide any evidence in support of their appeal, while Defendant presented evidence supporting their adjustments. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for the 2019 tax year is denied, with the exception of the adjustments offered by Defendant at trial in Plaintiffs' favor. Plaintiffs' gross income, determined in the April 26, 2024, Notice of Assessment, is reduced by $7,861, and Defendant shall adjust Plaintiffs' self-employment tax deduction and understatement penalty accordingly.

_____
RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on May 21, 2025.*